**SCHLACTER & ASSOCIATES**
**Attorneys for Plaintiff**
**450 Seventh Avenue**
**New York, New York 10123**
**(212) 695-2000**
**By: JED R. SCHLACTER (JRS-4874)**



**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**JUDGE CASTEL**

------------------------------------------------------------X

**DEVEAUX S.A.,**

**07 CV 11371**

07 Civ.

|  |  |  |
|---|---|---|
| **Plaintiff,** | : | **ECF Case** |
| -against- | : | **COMPLAINT** |
|  | : |  |
| **CHATEAU STORES, INC.** | | |
| **and CHATEAU STORES LTD.,** | : | |
|  | | |
| **Defendants.** | : | |

------------------------------------------------------------X

Plaintiff, by its attorneys, SCHLACTER & ASSOCIATES, for its complaint against

defendants, alleges:

## JURISDICTION

1.      This action, as more fully stated below, is for, <u>inter alia,</u> copyright infringement,

unfair trade practices and unfair competition; arises under Title 17 of the United States Code;

jurisdiction is vested in this Court under 28 U.S.C. Sections 1338(a) and 1338(b); and proper venue

exists under 28 U.S.C. Sections 1400(a) and 1391.

## THE PARTIES

2.    Plaintiff, DEVEAUX S.A. (hereinafter referred to as "DEVEAUX") is a foreign

corporation duly organized and existing under the laws of France, with an office located at 69240

Saint-Vincent-De-Reins, France.   Plaintiff is a textile mill, selling finished textile piece goods to

garment manufacturers.

3.    Upon information and belief, defendants, CHATEAU STORES, INC. and

CHATEAU STORES LTD.   (hereinafter collectively referred to as "Chateau"), are foreign

corporations, with a place of business at 34 West 34th Street, New York, New York 10001, and 5695

Ferrier Street, Montreal, Quebec H4P 1N1, which manufactures, distributes and sells wearing

apparel throughout the United States, including to the New York area.

## FIRST CAUSE OF ACTION

## PLAINTIFF'S COPYRIGHTED WORK

4.      In 2005 an original work of art was created by the plaintiff, and identified as Design No. BRIO LX 2680.

5.      Since on or about June 2, 2005, plaintiff's Design No. BRIO LX 2680 was produced on fabrics, which fabrics are also identified as Design No. BRIO LX 2680 (hereinafter referred to as "LX 2680").

6.      The design of LX 2680 is wholly original and is copyrightable subject matter under the laws of the United States.

7.      In or about June 2, 2005, plaintiff began selling fabrics bearing the design known as LX 2680.

8.    All of the provisions of Title 17 of the United States Code, and all of the laws governing Copyright, have been duly complied with; and a Certificate of Registration has been duly received from the Register of Copyrights, covering the design known as LX 2680, identified as follows:  Registration No. VA 1- 410-951.

9.    Plaintiff is the sole proprietor of all rights, title and interest in and to the Copyright of said design.

10.    A photocopy of plaintiff's Certificate of Registration for said copyrighted design is annexed hereto as Exhibit "A".

11.    Subsequent to the publication by plaintiff of its LX 2680 involved herein, defendants, with full knowledge of the rights of plaintiff therein, infringed plaintiff's Copyright on such design by reproducing, displaying, manufacturing, printing, reprinting, yarn-dyeing, publishing, vending, distributing, selling, promoting and/or advertising garments bearing a design thereon which contained substantial material copied from said copyrighted fabric design or by causing and/or participating in such reproduction by reproducing, displaying, manufacturing, printing, reprinting, yarn-dyeing, publishing, vending, distributing, selling, promoting and/or advertising, all in violation of the rights of plaintiff under Section 106 of the Copyright Law, Title 17 U.S.C.

4

12.    A photocopy of plaintiff's copyrighted design known as LX 2680 is annexed hereto as Exhibit "B", and a photocopy of defendants' said infringement is annexed hereto as Exhibit "C".

13.    All of defendants' acts, as set forth herein, were performed without the permission, license or consent of plaintiff.

14.    Plaintiff has gone to great expense in producing and promoting the sale of fabrics bearing its copyrighted design LX 2680.

15.    Plaintiff's copyrighted design incorporates carefully prepared and fashionable color combinations, which color combinations have aided greatly in the sale of garments bearing the copyrighted design.

16.    As a result of plaintiff's expenditure of money and skill in the promotion for sale of fabrics bearing plaintiff's copyrighted design, the fabrics and garments made therefrom have acquired a substantial market value in the trade.

17.    Defendants have a design obviously copied from plaintiff's copyrighted design, which copy defendants have been offering and, upon information and belief, continue to offer for sale. The design printed on defendants' garments is substantially similar to plaintiff's copyrighted design.

18.    Defendants' infringing design (Exhibit "C") is unmistakably copied from plaintiff's design (Exhibit "B").

19.    Defendants' garments, when viewed by a consumer, would appear to be identical with a garment of like style bearing plaintiff's copyrighted design.

20.    Upon information and belief, defendants have produced their garments incorporating the copied design in a color combination virtually identical to a color combination of plaintiff's design.

21.    Defendants, by their acts as aforesaid, have taken advantage of the knowledge and skill of plaintiff and of the good will developed by plaintiff and have capitalized upon the market created for plaintiff's design.

22.    By defendants' use of a design and color combination virtually identical with plaintiff's design and color combination, defendants have been and will continue to be able to pass off and sell their garments as a substitute for the garments sold by customers of plaintiff.

23.    The aforesaid acts of defendants in copying plaintiff's design and color combination and selling copies of same constitutes inequitable conduct, unfair trade practices and unfair competition in that defendants have thereby misappropriated plaintiff's good will and the benefits of plaintiff's knowledge, skill and expenditures in the promotion of the distinctive design and color combination, and by reason of the sale of defendants' garments in competition with the plaintiff's sales of fabrics incorporating the copyrighted design has caused irreparable injury to plaintiff in that plaintiff's market has been greatly reduced thereby, which injury will continue so long as defendants continue to market the copied design.

24.    Plaintiff has been damaged by the acts of defendants alleged herein in an amount not as yet known, but believed to be in excess of One Million ($1,000,000.00) Dollars. The infringing activities of defendants are further and continuously damaging plaintiff in a manner for which plaintiff has no adequate remedy at law.

## SECOND CAUSE OF ACTION

## PLAINTIFF'S COPYRIGHTED WORK

25.    Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 though 3 above, as if fully repeated herein.

26.    In 2005 an original work of art was created by the plaintiff, and identified as Design No. BRIO LX 2845.

27.    Since on or about August 31, 2005, plaintiff's Design No. BRIO LX 2845 was produced on fabrics, which fabrics are also identified as Design No. BRIO LX 2845 (hereinafter referred to as "LX 2845").

28.    The design of LX 2845 is wholly original and is copyrightable subject matter under the laws of the United States.

29.    In or about August 31, 2005, plaintiff began selling fabrics bearing the design known as LX 2845.

30.    All of the provisions of Title 17 of the United States Code, and all of the laws governing Copyright, have been duly complied with; and a Certificate of Registration has been duly received from the Register of Copyrights, covering the design known as LX 2845, identified as follows: Registration No. VA 1- 404 - 075.

31.    Plaintiff is the sole proprietor of all rights, title and interest in and to the Copyright of said design.

32.    A photocopy of plaintiff's Certificate of Registration for said copyrighted design is annexed hereto as Exhibit "D".

33.    Subsequent to the publication by plaintiff of its LX 2845 involved herein, defendants, with full knowledge of the rights of plaintiff therein, infringed plaintiff's Copyright on such design by reproducing, displaying, manufacturing, printing, reprinting, yarn-dyeing, publishing, vending, distributing, selling, promoting and/or advertising garments bearing a design thereon which contained substantial material copied from said copyrighted fabric design or by causing and/or participating in such reproduction by reproducing, displaying, manufacturing, printing, reprinting, yarn-dyeing, publishing, vending, distributing, selling, promoting and/or advertising, all in violation of the rights of plaintiff under Section 106 of the Copyright Law, Title 17 U.S.C.

34.    A photocopy of plaintiff's copyrighted design known as LX 2845 is annexed hereto as Exhibit "E", and a photocopy of defendants' said infringement is annexed hereto as Exhibit "F".

35.    All of defendants' acts, as set forth herein, were performed without the permission, license or consent of plaintiff.

36.    Plaintiff has gone to great expense in producing and promoting the sale of fabrics bearing its copyrighted design LX 2845.

37.    Plaintiff's copyrighted design incorporates carefully prepared and fashionable color combinations, which color combinations have aided greatly in the sale of garments bearing the copyrighted design.

38.    As a result of plaintiff's expenditure of money and skill in the promotion for sale of fabrics bearing plaintiff's copyrighted design, the fabrics and garments made therefrom have acquired a substantial market value in the trade.

39.    Defendants have a design obviously copied from plaintiff's copyrighted design, which copy defendants have been offering and, upon information and belief, continue to offer for sale. The design printed on defendants' garments is substantially similar to plaintiff's copyrighted design.

40.    Defendants' infringing design (Exhibit "F") is unmistakably copied from plaintiff's design (Exhibit "E").

41.    Defendants' garments, when viewed by a consumer, would appear to be identical with a garment of like style bearing plaintiff's copyrighted design.

42.    Upon information and belief, defendants have produced their garments incorporating the copied design in a color combination virtually identical to a color combination of plaintiff's design.

43.    Defendants, by their acts as aforesaid, have taken advantage of the knowledge and skill of plaintiff and of the good will developed by plaintiff and have capitalized upon the market created for plaintiff's design.

44.    By defendants' use of a design and color combination virtually identical with plaintiff's design and color combination, defendants have been and will continue to be able to pass off and sell their garments as a substitute for the garments sold by customers of plaintiff.

45.    The aforesaid acts of defendants in copying plaintiff's design and color combination and selling copies of same constitutes inequitable conduct, unfair trade practices and unfair competition in that defendants have thereby misappropriated plaintiff's good will and the benefits of plaintiff's knowledge, skill and expenditures in the promotion of the distinctive design and color combination, and by reason of the sale of defendants' garments in competition with the plaintiff's sales of fabrics incorporating the copyrighted design has caused irreparable injury to plaintiff in that plaintiff's market has been greatly reduced thereby, which injury will continue so long as defendants continue to market the copied design.

46.    Plaintiff has been damaged by the acts of defendants alleged herein in an amount not as yet known, but believed to be in excess of One Million ($1,000,000.00) Dollars. The infringing activities of defendants are further and continuously damaging plaintiff in a manner for which plaintiff has no adequate remedy at law.

## THIRD CAUSE OF ACTION

## PLAINTIFF'S COPYRIGHTED WORK

47.    Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 though 3 above, as if fully repeated herein.

48.    In 2005 an original work of art was created by the plaintiff, and identified as Design No. BRIO LX 2850.

49.    Since on or about July 1, 2005, plaintiff's Design No. BRIO LX 2850 was produced on fabrics, which fabrics are also identified as Design No. BRIO LX 2850 (hereinafter referred to as "LX 2850").

50.    The design of LX 2850 is wholly original and is copyrightable subject matter under the laws of the United States.

51.    In or about July 1, 2005, plaintiff began selling fabrics bearing the design known as LX 2850.

52.    All of the provisions of Title 17 of the United States Code, and all of the laws governing Copyright, have been duly complied with; and a Certificate of Registration has been duly received from the Register of Copyrights, covering the design known as LX 2850, identified as follows:  Registration No. VA 1- 421 - 308.

53.    Plaintiff is the sole proprietor of all rights, title and interest in and to the Copyright of said design.

54.    A photocopy of plaintiff's Certificate of Registration for said copyrighted design is annexed hereto as Exhibit "G".

55.    Subsequent to the publication by plaintiff of its LX 2850 involved herein, defendants, with full knowledge of the rights of plaintiff therein, infringed plaintiff's Copyright on such design by reproducing, displaying, manufacturing, printing, reprinting, yarn-dyeing, publishing, vending, distributing, selling, promoting and/or advertising garments bearing a design thereon which contained substantial material copied from said copyrighted fabric design or by causing and/or participating in such reproduction by reproducing, displaying, manufacturing, printing, reprinting, yarn-dyeing, publishing, vending, distributing, selling, promoting and/or advertising, all in violation of the rights of plaintiff under Section 106 of the Copyright Law, Title 17 U.S.C.

56.    A photocopy of plaintiff's copyrighted design known as LX 2850 is annexed hereto as Exhibit "H", and a photocopy of defendants' said infringement is annexed hereto as Exhibit "I".

57.    All of defendants' acts, as set forth herein, were performed without the permission, license or consent of plaintiff.

58.    Plaintiff has gone to great expense in producing and promoting the sale of fabrics bearing its copyrighted design LX 2850.

59.    Plaintiff's copyrighted design incorporates carefully prepared and fashionable color combinations, which color combinations have aided greatly in the sale of garments bearing the copyrighted design.

60.    As a result of plaintiff's expenditure of money and skill in the promotion for sale of fabrics bearing plaintiff's copyrighted design, the fabrics and garments made therefrom have acquired a substantial market value in the trade.

61.    Defendants have a design obviously copied from plaintiff's copyrighted design, which copy defendants have been offering and, upon information and belief, continue to offer for sale. The design printed on defendants' garments is substantially similar to plaintiff's copyrighted design.

62.    Defendants' infringing design (Exhibit "I") is unmistakably copied from plaintiff's design (Exhibit "H").

63.    Defendants' garments, when viewed by a consumer, would appear to be identical with a garment of like style bearing plaintiff's copyrighted design.

64.    Upon information and belief, defendants have produced their garments incorporating the copied design in a color combination virtually identical to a color combination of plaintiff's design.

65.    Defendants, by their acts as aforesaid, have taken advantage of the knowledge and skill of plaintiff and of the good will developed by plaintiff and have capitalized upon the market created for plaintiff's design.

66.     By defendants' use of a design and color combination virtually identical with plaintiff's design and color combination, defendants have been and will continue to be able to pass off and sell their garments as a substitute for the garments sold by customers of plaintiff.

67.     The aforesaid acts of defendants in copying plaintiff's design and color combination and selling copies of same constitutes inequitable conduct, unfair trade practices and unfair competition in that defendants have thereby misappropriated plaintiff's good will and the benefits of plaintiff's knowledge, skill and expenditures in the promotion of the distinctive design and color combination, and by reason of the sale of defendants' garments in competition with the plaintiff's sales of fabrics incorporating the copyrighted design has caused irreparable injury to plaintiff in that plaintiff's market has been greatly reduced thereby, which injury will continue so long as defendants continue to market the copied design.

68.     Plaintiff has been damaged by the acts of defendants alleged herein in an amount not as yet known, but believed to be in excess of One Million ($1,000,000.00) Dollars. The infringing activities of defendants are further and continuously damaging plaintiff in a manner for which plaintiff has no adequate remedy at law.

## FOURTH CAUSE OF ACTION

## PLAINTIFF'S COPYRIGHTED WORK

69.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 though 3 above, as if fully repeated herein.

70.     In 2005 an original work of art was created by the plaintiff, and identified as Design No. BRIO LX 2865.

71.     Since on or about September 1, 2005, plaintiff's Design No. BRIO LX 2865 was produced on fabrics, which fabrics are also identified as Design No. BRIO LX 2865 (hereinafter referred to as "LX 2865").

72.     The design of LX 2865 is wholly original and is copyrightable subject matter under the laws of the United States.

73.     In or about September 1, 2005, plaintiff began selling fabrics bearing the design known as LX 2865.

74.    All of the provisions of Title 17 of the United States Code, and all of the laws governing Copyright, have been duly complied with; and a Certificate of Registration has been duly received from the Register of Copyrights, covering the design known as LX 2865, identified as follows:  Registration No. VA 1- 421 - 309.

75.    Plaintiff is the sole proprietor of all rights, title and interest in and to the Copyright of said design.

76.    A photocopy of plaintiff's Certificate of Registration for said copyrighted design is annexed hereto as Exhibit "J".

77.    Subsequent to the publication by plaintiff of its LX 2865 involved herein, defendants, with full knowledge of the rights of plaintiff therein, infringed plaintiff's Copyright on such design by reproducing, displaying, manufacturing, printing, reprinting, yarn-dyeing, publishing, vending, distributing, selling, promoting and/or advertising garments bearing a design thereon which contained substantial material copied from said copyrighted fabric design or by causing and/or participating in such reproduction by reproducing, displaying, manufacturing, printing, reprinting, yarn-dyeing, publishing, vending, distributing, selling, promoting and/or advertising, all in violation of the rights of plaintiff under Section 106 of the Copyright Law, Title 17 U.S.C.

78.    A photocopy of plaintiff's copyrighted design known as LX 2865 is annexed hereto as Exhibit "K", and a photocopy of defendants' said infringement is annexed hereto as Exhibit "L".

79.    All of defendants' acts, as set forth herein, were performed without the permission, license or consent of plaintiff.

80.    Plaintiff has gone to great expense in producing and promoting the sale of fabrics bearing its copyrighted design LX 2865.

81.    Plaintiff's copyrighted design incorporates carefully prepared and fashionable color combinations, which color combinations have aided greatly in the sale of garments bearing the copyrighted design.

82.    As a result of plaintiff's expenditure of money and skill in the promotion for sale of fabrics bearing plaintiff's copyrighted design, the fabrics and garments made therefrom have acquired a substantial market value in the trade.

83.    Defendants have a design obviously copied from plaintiff's copyrighted design, which copy defendants have been offering and, upon information and belief, continue to offer for sale. The design printed on defendants' garments is substantially similar to plaintiff's copyrighted design.

84.    Defendants' infringing design (Exhibit "L") is unmistakably copied from plaintiff's design (Exhibit "K").

85.    Defendants' garments, when viewed by a consumer, would appear to be identical with a garment of like style bearing plaintiff's copyrighted design.

86.    Upon information and belief, defendants have produced their garments incorporating the copied design in a color combination virtually identical to a color combination of plaintiff's design.

87.    Defendants, by their acts as aforesaid, have taken advantage of the knowledge and skill of plaintiff and of the good will developed by plaintiff and have capitalized upon the market created for plaintiff's design.

88.    By defendants' use of a design and color combination virtually identical with plaintiff's design and color combination, defendants have been and will continue to be able to pass off and sell their garments as a substitute for the garments sold by customers of plaintiff.

89.    The aforesaid acts of defendants in copying plaintiff's design and color combination and selling copies of same constitutes inequitable conduct, unfair trade practices and unfair competition in that defendants have thereby misappropriated plaintiff's good will and the benefits of plaintiff's knowledge, skill and expenditures in the promotion of the distinctive design and color combination, and by reason of the sale of defendants' garments in competition with the plaintiff's sales of fabrics incorporating the copyrighted design has caused irreparable injury to plaintiff in that plaintiff's market has been greatly reduced thereby, which injury will continue so long as defendants continue to market the copied design.

90.    Plaintiff has been damaged by the acts of defendants alleged herein in an amount not as yet known, but believed to be in excess of One Million ($1,000,000.00) Dollars. The infringing activities of defendants are further and continuously damaging plaintiff in a manner for which plaintiff has no adequate remedy at law.

# EXHIBIT A

**FORM VA**
For a Work of the Visual Arts
UNITED STATES COPYRIGHT OFFICE

REC

**VA 1-410-951**

EFFECTIVE DATE OF REGISTRATION

1    70   07
Month    Day    Year

# Certificate of Registration



This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code,* attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

RATE CONTINUATION SHEET.

---

**1**

**TITLE OF THIS WORK ▼**    DESIGN NUMBER **BRIO LX 2680**

**NATURE OF THIS WORK ▼** See Instructions
Fabric Design

**PREVIOUS OR ALTERNATIVE TITLES ▼**

**PUBLICATION AS A CONTRIBUTION** If this work was published as a contribution to a periodical, serial or collection, give information about the collective work in which the contribution appeared.    **Title of Collective Work ▼**

If published in a periodical or serial give: Volume ▼    Number ▼    Issue Date ▼    On Pages ▼

---

**2**

**a**

**NAME OF AUTHOR ▼**
Deveaux SA

**DATES OF BIRTH AND DEATH**
Year Born ▼    Year Died ▼

Was this contribution to the work a "work made for hire"?
☒ Yes
☐ No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of ▶ France
{ Domiciled in ▶

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous? ☐ Yes ☒ No
Pseudonymous? ☐ Yes ☒ No
If the answer to either of these questions is "Yes," see detailed instructions.

**NATURE OF AUTHORSHIP** Check appropriate box(es). **See Instructions**
☐ 3-Dimensional sculpture    ☐ Map    ☐ Technical drawing
☐ 2-Dimensional artwork    ☐ Photograph    ☐ Text
☐ Reproduction of work of art    ☐ Jewelry design    ☐ Architectural work
☒ Design on sheetlike material

**NOTE**
Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

**b**

**NAME OF AUTHOR ▼**

**DATES OF BIRTH AND DEATH**
Year Born ▼    Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of ▶
{ Domiciled in ▶

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous? ☐ Yes ☐ No
Pseudonymous? ☐ Yes ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

**NATURE OF AUTHORSHIP** Check appropriate box(es). **See Instructions**
☐ 3-Dimensional sculpture    ☐ Map    ☐ Technical drawing
☐ 2-Dimensional artwork    ☐ Photograph    ☐ Text
☐ Reproduction of work of art    ☐ Jewelry design    ☐ Architectural work
☐ Design on sheetlike material

---

**3**

**a**
**YEAR IN WHICH CREATION OF THIS WORK WAS COMPLETED** This information must be given in all cases.
**2005** ◀ Year

**b**
**DATE AND NATION OF FIRST PUBLICATION OF THIS PARTICULAR WORK**
Complete this information ONLY if this work has been published.
Month ▶ JUNE    Day ▶ 2    Year ▶ 2005
FRANCE ◀ Nation

---

**4**

**COPYRIGHT CLAIMANT(S)** Name and address must be given even if the claimant is the same as the author given in space 2. ▼
Deveaux SA
69240 Saint Vincent De Reins, France

APPLICATION RECEIVED
DEC 0 6 2006
ONE DEPOSIT RECEIVED
DEC 0 6 2006
TWO DEPOSITS RECEIVED

**TRANSFER** If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼

FUNDS RECEIVED
1/26/07

---

**MORE ON BACK ▶** • Complete all applicable spaces (numbers 5-9) on the reverse side of this page.
• See detailed instructions.    • Sign the form at line 8

DO NOT WRITE HERE
Page 1 of 5 pages

| EXAMINED BY | | FORM VA |
|---|---|---|
| CHECKED BY | | |
| ☐ CORRESPONDENCE<br>Yes | | FOR<br>COPYRIGHT<br>OFFICE<br>USE<br>ONLY |

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?

☐ Yes ☒ No If your answer is "Yes," why is another registration being sought? (Check appropriate box.) ▼

a. ☐ This is the first published edition of a work previously registered in unpublished form.

b. ☐ This is the first application submitted by this author as copyright claimant.

c. ☐ This is a changed version of the work, as shown by space 6 on this application.

If your answer is "Yes," give: **Previous Registration Number** ▼          **Year of Registration** ▼

**5**

**DERIVATIVE WORK OR COMPILATION** Complete both space 6a and 6b for a derivative work; complete only 6b for a compilation.

a. **Preexisting Material** Identify any preexisting work or works that this work is based on or incorporates. ▼

**a**    See instructions before completing this space.

b. **Material Added to This Work** Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼

**b**

**6**

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.

**Name** ▼          **Account Number** ▼

**a**

**7**

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent.   Name/Address/Apt/City/State/ZIP ▼

Jed R. Schlacter, Esq.
Schlacter & Associates
450 Seventh Avenue, Suite 1308
New York, NY 10123

Area code and daytime telephone number ▶ 212 695-2000        Fax number ▶ 212 629-5825

**b**

**CERTIFICATION\*** I, the undersigned, hereby certify that I am the

check only one ▶

☐ author
☐ other copyright claimant
☐ owner of exclusive right(s)
☒ authorized agent of **Deveaux SA**

Name of author or other copyright claimant, or owner of exclusive right(s) ▲

of the work identified in this application and that the statements made
by me in this application are correct to the best of my knowledge.

**8**

Typed or printed name and date ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date.

Jed R. Schlacter                            Date▶ Oct. 10, 2006

Handwritten signature (X) ▼

| Mail<br>certificate<br>to: | **Name** ▼<br>Schlacter & Associates |
|---|---|
| | **Number/Street/Apt** ▼<br>450 Seventh Avenue, Suite 1308 |
| Certificate<br>will be<br>mailed in<br>window<br>envelope | **City/State/ZIP** ▼<br>New York, NY 10123 |

**9**

- Complete all necessary spaces
- Sign your application in space 8

SEND ALL 3 ELEMENTS
IN THE SAME PACKAGE:
1. Application form
2. Nonrefundable $20 filing fee in check or money order payable to Register of Copyrights
3. Deposit material

MAIL TO:
Register of Copyrights, Library of Congress
101 Independence Ave., S.E.
Washington, D.C. 20559-6000

# EXHIBIT B

*BRIO LX 2680*

# EXHIBIT C





# EXHIBIT D

# FORM VA
For a Work of the Visual Arts
UNITED STATES COPYRIGHT OFFICE

**REGISTRATION NUMBER**

VA 1-404-075

EFFE...      ...GISTRATION

| Month | Day | Year |
|---|---|---|

## Certificate of Registration

This Certificate issued under the seal of the Copyright Office in accordance with title 17, *United States Code*, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**RATE CONTINUATION SHEET.**



---

**1**

**TITLE OF THIS WORK ▼**

DESIGN NUMBER BRIO LX 2845

**NATURE OF THIS WORK ▼** See instructions

Fabric Design

**PREVIOUS OR ALTERNATIVE TITLES ▼**

**PUBLICATION AS A CONTRIBUTION** If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared.      Title of Collective Work ▼

If published in a periodical or serial give: Volume ▼      Number ▼      Issue Date ▼      On Pages ▼

---

**2**

**a**

**NAME OF AUTHOR ▼**

Deveaux SA

**DATES OF BIRTH AND DEATH**
Year Born ▼      Year Died ▼

Was this contribution to the work a "work made for hire"?
☒ Yes
☐ No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of ▶ France
Domiciled in ▶

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous? ☐ Yes ☒ No
Pseudonymous? ☐ Yes ☒ No
If the answer to either of these questions is "Yes," see detailed instructions.

**NATURE OF AUTHORSHIP** Check appropriate box(es). **See instructions**
☐ 3-Dimensional sculpture    ☐ Map    ☐ Technical drawing
☐ 2-Dimensional artwork    ☐ Photograph    ☐ Text
☐ Reproduction of work of art    ☐ Jewelry design    ☐ Architectural work
☒ Design on sheetlike material

**NOTE**
Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was "made for hire" check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

**b**

**NAME OF AUTHOR ▼**

**DATES OF BIRTH AND DEATH**
Year Born ▼      Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of ▶
Domiciled in ▶

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous? ☐ Yes ☐ No
Pseudonymous? ☐ Yes ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

**NATURE OF AUTHORSHIP** Check appropriate box(es). **See instructions**
☐ 3-Dimensional sculpture    ☐ Map    ☐ Technical drawing
☐ 2-Dimensional artwork    ☐ Photograph    ☐ Text
☐ Reproduction of work of art    ☐ Jewelry design    ☐ Architectural work
☐ Design on sheetlike material

---

**3**

**a**

**YEAR IN WHICH CREATION OF THIS WORK WAS COMPLETED**
2005
◀ Year in all cases.
This information must be given

**b**

**DATE AND NATION OF FIRST PUBLICATION OF THIS PARTICULAR WORK**
Complete this information ONLY if this work has been published.
Month ▶ Aug    Day ▶ 31    Year ▶ 2005
Nation ▶ ITALY    ◀ Nation

---

**4**

**COPYRIGHT CLAIMANT(S)** Name and address must be given even if the claimant is the same as the author given in space 2 ▼

Deveaux SA
69240 Saint Vincent De Reins, France

**APPLICATION RECEIVED**
DEC 06 2006
**ONE DEPOSIT RECEIVED**
DEC 06 2006
**TWO DEPOSITS RECEIVED**

**TRANSFER** If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright ▼

**FUNDS RECEIVED**
1/26/07

See instructions before completing this space.
DO NOT WRITE HERE
OFFICE USE ONLY

---

**MORE ON BACK ▶**   • Complete all applicable spaces (numbers 5-9) on the reverse side of this page.
• See detailed instructions.   • Sign the form at line 8

DO NOT WRITE HERE

Page 1 of ___ pages

EXAMINED BY

CHECKED BY

☐ CORRESPONDENCE
  Yes

FORM VA

FOR
COPYRIGHT
OFFICE
USE
ONLY

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?

☐ Yes  ☐ No  If your answer is "Yes," why is another registration being sought? (Check appropriate box.) ▼

a. ☐ This is the first published edition of a work previously registered in unpublished form.

b. ☐ This is the first application submitted by this author as copyright claimant.

c. ☐ This is a changed version of the work, as shown by space 6 on this application.

If your answer is "Yes," give: **Previous Registration Number** ▼          **Year of Registration** ▼

**5**

**DERIVATIVE WORK OR COMPILATION** Complete both space 6a and 6b for a derivative work; complete only 6b for a compilation.

a. **Preexisting Material** Identify any preexisting work or works that this work is based on or incorporates. ▼

**a**

See instructions
before completing
this space.

b. **Material Added to This Work** Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼

**b**

**6**

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.
**Name** ▼          **Account Number** ▼

**a**

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent.    Name/Address/Apt/City/State/ZIP ▼

Jed R. Schlacter, Esq.
Schlacter & Associates
450 Seventh Avenue, Suite 1308
New York, NY 10123

**b**

**7**

Area code and daytime telephone number ▶ 212 695-2000          Fax number ▶ 212 629-5825

**CERTIFICATION*** I, the undersigned, hereby certify that I am the

check only one ▶ {
☐ author
☐ other copyright claimant
☐ owner of exclusive right(s)
☒ authorized agent of   Devenix SA

Name of author or other copyright claimant, or owner of exclusive right(s) ▲

**8**

of the work identified in this application and that the statements made
by me in this application are correct to the best of my knowledge.

Typed or printed name and date ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date.

Jed R. Schlacter

Date ▶ Oct. 10, 2006

Handwritten signature (X) ▼

Mail
certificate
to:

Certificate
will be
mailed in
window
envelope

Name ▼
Schlacter & Associates

Number/Street/Apt ▼
450 Seventh Avenue, Suite 1308

City/State/ZIP ▼
New York, NY 10123

**9**

• Complete all necessary spaces
• Sign your application in space 8

SEND ALL 3 ELEMENTS
IN THE SAME PACKAGE:
1. Application form
2. Nonrefundable $30 filing fee
   in check or money order
   payable to Register of Copyrights
3. Deposit material

MAIL TO:
Register of Copyrights, Library of Congress
101 Independence Ave. S.E.
Washington, D.C. 20559-6000

# EXHIBIT E

*BRIO LX 2845*

# EXHIBIT F



# EXHIBIT N

DEVEAUX   SA

**BRIO LX 2930**

# EXHIBIT O



# EXHIBIT P

# FORM VA



Certificate of Registration

This Certificate issued under the seal of the Copyright
Office in accordance with title 17, United States Code,
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

UNITED STATES COPYRIGHT OFFICE

REG  VA 1-421-311

EFFECTIVE DATE OF REGISTRATION

JAN 22 2007

**1**
**TITLE OF THIS WORK ▼**
DESIGN NUMBER BR10 LX 3295

**NATURE OF THIS WORK ▼ See instructions**
Fabric Design

**PREVIOUS OR ALTERNATIVE TITLES ▼**

**PUBLICATION AS A CONTRIBUTION** If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared.    **Title of Collective Work ▼**

If published in a periodical or serial give: **Volume ▼**    **Number ▼**    **Issue Date ▼**    **On Pages ▼**

**2**
**a**
**NAME OF AUTHOR ▼**
Deveaux SA

**DATES OF BIRTH AND DEATH**
Year Born ▼    Year Died ▼

Was this contribution to the work a "work made for hire"?
☒Yes
☐No

**AUTHOR'S NATIONALITY OR DOMICILE**
Name of Country
OR { Citizen of ▶ France
    Domiciled in ▶

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous?  ☐Yes ☒No
Pseudonymous? ☐Yes ☒No

**NATURE OF AUTHORSHIP** Check appropriate box(es). See instructions
☐ 3-Dimensional sculpture     ☐ Map            ☐ Technical drawing
☐ 2-Dimensional artwork       ☐ Photograph     ☐ Text
☐ Reproduction of work of art ☐ Jewelry design ☐ Architectural work
☒ Design on sheetlike material

**NOTE**
Under the law, the "author" of a "work made for hire" is generally the employer, not the employee (see instructions). For any part of this work that was made for hire check "Yes" in the space provided, give the employer (or other person for whom the work was prepared) as "Author" of that part, and leave the space for dates of birth and death blank.

**b**
**NAME OF AUTHOR ▼**

**DATES OF BIRTH AND DEATH**
Year Born ▼    Year Died ▼

Was this contribution to the work a "work made for hire"?
☐Yes
☐No

**AUTHOR'S NATIONALITY OR DOMICILE**
OR { Citizen of ▶
    Domiciled in ▶

**WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK**
Anonymous?  ☐Yes ☐No
Pseudonymous? ☐Yes ☐No

**NATURE OF AUTHORSHIP** Check appropriate box(es). See instructions
☐ 3-Dimensional sculpture     ☐ Map            ☐ Technical drawing
☐ 2-Dimensional artwork       ☐ Photograph     ☐ Text
☐ Reproduction of work of art ☐ Jewelry design ☐ Architectural work
☐ Design on sheetlike material

**3**
**a**
**YEAR IN WHICH CREATION OF THIS WORK WAS COMPLETED** This information must be given ONLY if this work has been published.
2005

**b**
**DATE AND NATION OF FIRST PUBLICATION OF THIS PARTICULAR WORK**
Month ▶ Oct  Day ▶ 7  Year ▶ 2005
Nation ▶ GERMANY

**4**
**COPYRIGHT CLAIMANT(S)** Name and address must be given even if the claimant is the same as the author given in space 2.▼
Deveaux SA
69240 Saint Vincent De Reins, France

**APPLICATION RECEIVED**
DEC 0 6 2006
**ONE DEPOSIT RECEIVED**
DEC 0 6 2006
**TWO DEPOSITS RECEIVED**
**FUNDS RECEIVED**
1/22/07

**TRANSFER** If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼

**MORE ON BACK ▶**    • Complete all applicable spaces (numbers 5-9) on the reverse side of this page.    • See detailed instructions.    • Sign the form at line 8.

DO NOT WRITE HERE
Page 1 of _____ pages

EXAMINED BY

CHECKED BY

☐ CORRESPONDENCE
Yes

FORM VA

FOR
COPYRIGHT
OFFICE
USE
ONLY

**DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.**

**5** **PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?
☐ Yes ☐ No If your answer is "Yes," why is another registration being sought? (Check appropriate box.) ▼
a. ☐ This is the first published edition of a work previously registered in unpublished form.
b. ☐ This is the first application submitted by this author as copyright claimant.
c. ☐ This is a changed version of the work, as shown by space 6 on this application.
If your answer is "Yes," give: Previous Registration Number ▼          Year of Registration ▼

**6** **DERIVATIVE WORK OR COMPILATION** Complete both space 6a and 6b for a derivative work; complete only 6b for a compilation.
a. Preexisting Material Identify any preexisting work or works that this work is based on or incorporates. ▼

**a**

b. Material Added to This Work Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼

**b**

**7** **DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.
Name ▼          Account Number ▼

**a**

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent. Name/Address/Apt/City/State/ZIP ▼
Jed R. Schlacter, Esq.
Schlacter & Associates
450 Seventh Avenue, Suite 1308
New York, NY 10123

**b**

Area code and daytime telephone number ▶ 212 695-2000     Fax number ▶ 212 629-5825

**8** **CERTIFICATION** I, the undersigned, hereby certify that I am the
check only one ▶
☐ author
☐ other copyright claimant
☐ owner of exclusive rights)
☒ authorized agent of  Deveaux SA
Name of author or other copyright claimant, or owner of exclusive right(s) ▲

of the work identified in this application and that the statements made
by me in this application are correct to the best of my knowledge.

Typed or printed name and date ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date.
Jed R. Schlacter          Date ▶ Oct 10, 2006

Handwritten signature (X) ▼

**9**

Mail
certificate
to:

Certificate
will be
mailed in
window
envelope

Name ▼
Schlacter & Associates
Number/Street ▼
450 Seventh Avenue, Suite 1308
City/State/ZIP ▼
New York, NY 10123

• YOU MUST:
• Complete all necessary spaces
• Sign your application in space 8
SEND ALL 3 ELEMENTS
IN THE SAME PACKAGE:
1. Application form
2. Nonrefundable $30 filing fee
in check or money order
payable to Register of Copyrights
3. Deposit material
MAIL TO:
Register of Copyrights, Library of Congress
Washington, D.C. 20559-6000

# EXHIBIT Q

DEVEAUX  SA

**BRIO LX 3295**

# EXHIBIT R



# EXHIBIT S

# Certificate of Registration



This Certificate issued under the seal of the Copyright
Office in accordance with title 17, United States Code,
attests that registration has been made for the work
identified below. The information on this certificate has
been made a part of the Copyright Office records.

*Marybeth Peters*

Register of Copyrights, United States of America

**Registration Number:**

## VA 1-622-842

**Effective date of
registration:**

November 5, 2007

---

## Title

**Title of Work:** Design No. Brio LX 3585

**Nature of Work:** Fabric Design

## Completion/Publication

**Year of Completion:** 2005

**Date of 1st Publication:** November 17, 2005    **Nation of 1st Publication:** United Kingdom

## Author

- **Author:** Deveaux s.a.

    **Author Created:** Reproduction of work of art

    **Work made for hire:** Yes

    **Citizen of:** France

    **Anonymous:** No    **Pseudonymous:** No

## Copyright claimant

**Copyright Claimant:** Deveaux s.a.

    69240 Saint Vincent de Reins, France

## Limitation of copyright claim

**Previously registered:** No

## Certification

**Name:** Jed R. Schlacter

**Date:** October 19, 2007

---

**IPN#:**

**Registration #:**

★VA0001622842★

**Service Request #:**  1-19022073

Schlacter & Associates
450 Seventh Avenue
Suite 1308
New York, NY 10123

# EXHIBIT T



# EXHIBIT U

